In re PLANETT MFG. CO.

SCHULTZ et al. v. SCOTT.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1907.)

No. 1,372.

BANKRUPTCY—RECLAMATION OF PROPERTY BY SELLER—PASSING OF TITLE.

Title to a car load of lumber shipped by petitioners to a bankrupt shortly before the bankruptcy, *held* not to have passed so as to vest in the trustee, where on its receipt the bankrupt claimed a shortage and also a variance in quality from that bought, piled it separately, and refused to settle for the same except at a reduction in price which had not been agreed to at the time of the bankruptcy.

Petition to Review and Revise an Order of the District Court of the United States for the District of Indiana.

George C. Otto, for petitioner.
Julius C. Travis, for respondent.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The petitioners are lumber dealers who, prior to the commencement of proceedings in bankruptcy, had shipped to the Planett Manufacturing Company, upon the order of that company, a car load of oak lumber. The respondent is the trustee appointed by the District Court in the bankruptcy proceedings. The purpose of the petition is to review, revise, and reverse an order of the District Court, affirming the recommendation of the referee, finding that the petitioners were not entitled to retain the lumber, and dispose of it as a part of the assets of the estate. The case turns upon whether at the time the trustee took possession, title to the lumber had already passed from the petitioners to the bankrupt.

The amount of lumber in the car load ordered was eleven thousand six hundred twenty-nine feet, and the price thirty two dollars per thousand. Upon the arrival of the car at La Porte, Indiana, where the Planett Manufacturing Company is located, the lumber was unloaded and inspected by the Planett Company, whereupon the following letter was sent to the petitioners: "We find this car to run considerably short in measurements, and besides, that the lumber is not up to grade. According to our careful tally, we find only nine thousand, four hundred sixty-seven feet of common oak, the balance 1,812 feet is only a very poor grade of cull, which we could not accept for more than $17.00 a thousand. We herewith hand you a debit mem-

orandum showing the difference between amount billed us, and the actual contents of the car, amounting to $38.39. We are now holding this car subject to your inspection, so if you desire, you can run down here and convince yourself of the grade of this lumber. However, if you will accept figures according to our tally, in settlement of this car, kindly forward us credit memoranda for the difference, and we will make settlement at once"; to which proposition the petitioners, after stating that their inspector was usually found to be correct, and that notwithstanding their desire, they had no time to visit La Porte, made this counter proposition: "If you will send us settlement by return mail, we will divide the shortage with you, one-half of the amount you claim to be culls"; and to this the Planett Manufacturing Company replied that it felt justified in asking the full allowance of the claims.

Three days later the petitioners again wrote: "We will try to have our Mr. Hines come out there some day next week, and look this stock over, for, of course, if we are at fault, we do not wish you to be the loser by it as our intention is to give you a nice grade of lumber, and one that will bring back additional orders. If you wish to discount your bill you are at liberty to deduct the amount of your claim, sending us a check for the balance and leaving the amount of the claim to be adjusted later, or if you desire to close the account up, as indicated in ours of the 1st inst., you are at liberty to do so;" but before this letter was received (that it was received at all is denied) the receiver for the Planett Manufacturing Company was appointed; and thereupon the petitioners wired the receiver that the car load of lumber had not been accepted, and must not be included in the Planett Company's assets. With the exception of a reply to this wire, that the lumber was already unloaded, and the freight on it paid, and that according to his present information the receiver was of the opinion that the title had already passed to the Planett Company, but that inasmuch as the lumber was piled up separately in the yard the petitioner's claim would be noted and some decision reached later, the foregoing facts constitute the case. The question raised by the petition is this: Had title to the car load of lumber, in fact and in law, passed, before the proceedings in bankruptcy were commenced?

This is not a case where, for a single moment, the title to the goods was in mid air; for, unless, and until, title passed to the Planett Company, the title remained in the petitioners. Nor is it a case where the buyer, though not formally accepting the goods, is estopped by his acts, in suit brought by the seller, from denying acceptance. There are no acts that constitute such estoppel. The single question is whether, at the time the proceedings were begun in bankruptcy, the Planett Manufacturing Company and the petitioners were at such a state of agreement respecting this lumber, that the petitioners, had they chosen, could have maintained an action for goods delivered and accepted—the Planett Company not being able to sustain as defense that the goods had not been accepted.

How could such suit have been maintained by the seller? True, action for wrongfully refusing to accept might possibly have been maintained; but how, in the face of these letters, could petitioners

have maintained an action predicated upon acceptance as a fact? And how can the Planett Manufacturing Company now, without self-contradiction, declare that the goods were in fact accepted in fulfillment of the contract? And this being a case to be decided, not by the fact that the seller may have had some right of action against the buyer, notwithstanding the buyer's refusal to accept, nor by the fact that the buyer may have contemplated that it would accept when its claim had been agreed to, but solely by the inquiry whether the goods had actually been accepted, the petitioners were entitled to an order requiring the trustee to turn over to them the lumber in controversy.

The order of the District Court is reversed with instructions to enter the order as above.